### Ceila MORALES, Petitioner,

v.

### Michael B. MUKASEY, Attorney General, Respondent.

No. 07–73945.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2008.*

Filed March 18, 2008.

Ceila Morales, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Lauren E. Fascett, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Anthony C. Payne, Esq., for Respondent.

Before: T.G. NELSON, TASHIMA and BYBEE, Circuit Judges.

### MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") September 13, 2007 decision denying petitioner's motion, properly construed as both a motion to reopen and a motion to reconsider.

We have reviewed the record and respondent's unopposed motion for summary disposition. We conclude that summary disposition is appropriate because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

The regulations provide that a party may file a motion to reconsider any given decision within 30 days after the mailing of the Board decision. *See* 8 C.F.R. § 1003.2(b)(2). The BIA did not abuse its discretion in denying petitioner's motion, filed 58 days after the BIA's decision, as late. In addition, the BIA was correct in

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

concluding that the motion to reconsider failed to identify any error in fact or law not already considered by the agency. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004) (BIA's denial of a motion to reconsider is reviewed for abuse of discretion).

Moreover, the BIA did not abuse its discretion in denying petitioner's motion, construed as a motion to reopen, for failure to demonstrate a reasonable likelihood of success on the merits. The evidence submitted with the motion had no bearing on the agency's previous decision finding that petitioner was statutorily ineligible for cancellation of removal because she had failed to establish the requisite 10 years of continuous physical presence in the United States. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002) (BIA's denial of a motion to reopen is reviewed for abuse of discretion). Accordingly, respondent's motion for summary disposition is granted.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.